# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

MICHAEL JAMES RUSSO, SR.,

Debtor.

Case No. F11-00361-DMD
Chapter 13

**Filed On 5/16/12**

## MEMORANDUM TO COUNSEL AND TRUSTEE

I was wrong. I thought that the Ninth Circuit had adopted the minority position on lien stripping of totally unsecured home mortgages. In fact, it has adopted the majority position.[1] The debtor's motion to determine secured status of First National Bank Alaska and to strip lien effective upon discharge[2] is well taken. If the debtor dismisses his appeal, this court will again have jurisdiction over the debtor's motion, and grant it. I emphasize that the motion will be granted based *solely* on the provisions of 11 U.S.C. §§ 506(a) and 1322(b)(2), and the Ninth Circuit's holding in *Zimmer*. Despite counsel's assertions to the contrary, the question of whether First National's lien impairs the debtor's ability to claim the full value of his homestead exemption is irrelevant. 11 U.S.C. § 522(f) may be used to avoid a lien only if the lien is a judicial lien, or a nonpossessory, nonpurchase-money security interest in certain items of personal property.[3] First National's mortgage cannot be avoided under § 522(f).

---

[1] *See Zimmer v. PSB Lending Corp. (In re Zimmer)*, 313 F.3d 1220 (9th Cir. 2002).

[2] Docket No. 47.

[3] 11 U.S.C. § 522(f)(1); *see also Collier on Bankruptcy* ¶ 522.11 at 522-92 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

Assuming the debtor is current on his payments to the trustee, the plan can be confirmed without further notice and hearing.

DATED: May 16, 2012

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve: J. Gazewood, Esq.
       L. Compton, Trustee
       U. S. Trustee

05/16/12